IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JERRY L. THOMPSON | § | |
|     FED. I.D. 22869-077 | § | |
| v. | § | C.A. NO. C-07-455 |
| | § | |
| WARDEN DAN JOSLIN, ET AL. | § | |

**MEMORANDUM OPINION AND ORDER
ON DEFENDANTS' MOTION TO DISMISS**

Pending is defendants' motion to dismiss plaintiff's action on numerous grounds,

including failure to exhaust administrative remedies and lack of personal jurisdiction.  (D.E. 2).

Plaintiff has filed a response in opposition.  (D.E. 14).  For the reasons stated herein, defendants'

motion to dismiss is denied, but defendants Dan Joslin and John Doe are dismissed from this

action.

**JURISDICTION**

The Court has federal question jurisdiction.  28 U.S.C. § 1331.  Upon consent of the

parties, (D.E. 10, 12, 15), this case was referred to the undersigned magistrate judge to conduct

all further proceedings, including entry of final judgment.  (D.E. 13, 16).  See 28 U.S.C.

§ 636(c).

**BACKGROUND**

**A.     Procedural Background.**

Plaintiff is a federal prisoner and is currently incarcerated at the Federal Correctional

Institution ("FCI") in El Reno, Oklahoma.  On August 13, 2007, he filed suit in the 156th

District Court of Live Oak County, Texas, Cause No. L-07-0118-CV-B, against Dan Joslin, the

Warden of FCI-Three Rivers, and John Doe, an unknown FCI-Three Rivers kitchen supervisor.

(D.E. 1, App. 2).  In the Live Oak County lawsuit, he alleged that he was injured on March 21,

1997, while working in the FCI-Three Rivers kitchen.  Id.  He noted that the Bureau of Prisons ("BOP") had offered to pay him $857.00 for his wrist injury, and to pay him $71.42 a month for his back injury.  Id.  Plaintiff alleged that the BOP had not yet paid, and he sought to collect his awarded damages through this lawsuit.[1]  Id.

By Notice of Removal filed November 29, 2007, defendants removed the action to this Court on the grounds that plaintiff was suing federal employees acting within the scope of their employment.  (D.E. 1).  See 28 U.S.C. § 1442(a)(1).  On that same day, defendants filed the pending motion to dismiss.  (D.E. 2).  Plaintiff filed a response in opposition to the motion to dismiss.  (D.E. 14).

**B.     Factual Background.**

Whether or not plaintiff's case should be dismissed, retained, or some other disposition depends on the nature of the claims he is attempting to raise through this action.  In their motion to dismiss, defendants characterize plaintiff's lawsuit as a Bivens[2] action seeking damages for constitutional violations against Dan Joslin and the kitchen supervisor.  (D.E. 2 at 1).  However, in his original complaint, plaintiff did not allege a constitutional violation against either

---

[1] In his original complaint, plaintiff listed the total amount of compensation as "$857,000."  (D.E. 1, App. 2).  However, this number is most likely a typographical error.  Based on his correspondence and his response to the motion to dismiss, plaintiff seeks to collect only $857.00. (D.E. 14 at 5).

[2] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 398 (1971), "established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." Carlson v. Green, 446 U.S. 14, 18 (1980).  "[A] Bivens claim is available only against government officers in their individual capacities."  Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1294 n.12 (5th Cir. 1994). In addition, Bivens limits recovery to intentional deprivations (i.e., the prison officials 'intentionally and without justification destroyed property').  Sterling v. United States, 85 F.3d 1225, 1227 (7th Cir. 1996).

individual defendant.  (D.E. 1, App. 2).  Moreover, it is apparent on the face of plaintiff's

complaint that any <u>Bivens</u> claim to *establish* liability and damages for a personal injury that

occurred in 1997 would clearly be barred by limitations.  <u>See</u> <u>Rodriguez v. Holmes</u>, 963 F.2d

799, 803 (5th Cir. 1992) (Texas' two-year personal injury limitations period applies to <u>Bivens</u>

claims, and the cause of action accrues on the date the plaintiff knows or has reason to know of

the injury).

However, in his response to defendants' motion to dismiss, plaintiff offers documentation

to suggest that his claim is not one attempting to impose liability against either Dan Joslin or the

kitchen supervisor, but rather, he is simply attempting to collect from the BOP an agreed upon

settlement amount.  Plaintiff's evidence establishes the following:

On March 21, 1995, plaintiff slipped and fell while working in the FCI-Three Rivers

kitchen.  Thereafter, he filed a claim for Inmate Accident Compensation (the "IAC claim")

pursuant to 28 C.F.R. Part 301, *et seq*.

In August 1999, plaintiff was released from FCI-Three Rivers to serve a term of

supervised release.  (D.E. 14 at 2).  While on supervised released, plaintiff committed another

offense and was returned to the BOP.  <u>Id.</u>  It was only after his return to BOP custody that he

began receiving information about his IAC claim.  <u>Id.</u>

In an August 7, 2003 letter, Karolyn D. Robinson, a Coordinator with the Inmate

Accident Compensation System, wrote to plaintiff regarding his IAC claim for a work-related

wrist and back injury that occurred on March 21, 1995.  Ms. Robinson noted:

> A thorough review of your claim has been conducted, including a
> review of all available information regarding the alleged injury.
> Specifically, our records indicate that on the date of the incident
> you were assigned to work in the Food Services department when

you slipped and fell injuring your back and wrist.  As a result of
the incident you sustained 12% whole person impairment to your
back and 2% impairment to your left wrist.  Accordingly, *your
request for Inmate Accident Compensation is GRANTED.*

(D.E. 14 at 7-9) (emphasis added).  It was noted that plaintiff could not be paid the compensation

prior to his release from federal custody.  Id. at 8.

Within thirty days of his receipt of the notice of award, plaintiff filed a written request for

reconsideration.  Id. at 11-12.  By letter dated August 6, 2004, Ms. Robinson notified plaintiff

that his request for reconsideration had been forwarded to the appropriate committee, which met

next on August 26, 2004.  Id. at 13.  By letter dated April 14, 2005, the Inmate Accident

Compensation Committee denied plaintiff's request for reconsideration.  Id. at 14-15.

On July 5, 2005, plaintiff executed a form entitled "Award Acknowledgment and

Acceptance," in which he accepted as full and final compensation the amount of $857.00 for the

injury to his left wrist.  Id. at 10.  Plaintiff declined the $71.42 monthly compensation for his

back injury.  Id.

Additionally, on July 5, 2005, plaintiff sent a letter to the Chief Operating Officer of the

IAC System appealing the Committee's denial of his request for reconsideration concerning his

back injury award.  Id. at 16-17.  He also requested that he be sent the $857.00 for his wrist

injury.  Id. at 17.

In a September 16, 2005 letter, Steve Schwalb, the Chief Operating Officer of the Federal

Prison Industries, Inc. ("FPI"), denied plaintiff's appeal.  Id. at 18-19.  Plaintiff was again

offered the monthly compensation of $71.42, suspended until his release.  Id. at 18.

In a September 24, 2005 letter, plaintiff requested that the FPI recalculate the monthly award to pay it in one lump sum so that he could receive it while in prison.  Id. at 21-22. Plaintiff did not receive a response to this offer.

In a March 18, 2006 letter, plaintiff wrote to Matthew Melkin, the Assistant General Counsel for the Inmate Accident Compensation Committee.  Id. at 23.  Plaintiff noted that he had agreed to the $857.00 settlement for his wrist, and that he was released from custody in February 2000, and not returned until 2001.  Id.  Plaintiff requested that the $857.00 be forwarded to his inmate trust fund account immediately.  Id.

In an October 25, 2006 letter, plaintiff wrote to the General Counsel for the Inmate Accident Compensation Committee complaining that he had complied with all administrative steps, but had still not received the $857.00.  Id. at 24.  There is no response to this letter.

In a January 17, 2007 letter, plaintiff wrote to the Director of the BOP complaining that he had never received his money for his wrist injury, as agreed upon.  Id. at 25.  There is no response to this letter.

Plaintiff's evidence demonstrates that his intent in filing this lawsuit is simply to collect the $857.00 he claims is owing him under the executed July 5, 2005 Award Acknowledgment and Acceptance.  Id. at 10.  He does not allege a Bivens claim against the individual defendants named.  Indeed, plaintiff specifically states:

> In any event, this Honorable Court should order the defendants to
> pay the Plaintiff the agreed upon award, in light of the facts:
> Plaintiff tried on numerous occasions to contact Washington D.C.
> to recover, i.e., retrieve the settlement of the $857.00 dollars only
> to no avail; Plaintiff wrote letters but received no answers while
> released on supervised release.  However, upon re-entering the
> B.O.P., the B.O.P. once again was willing to communicate via
> letters.

(D.E. 14 at 5).

Plaintiff concludes that defendants are neglecting their responsibility to pay him the agreed upon settlement amount.  In his prayer for relief, he specifically asks that the Court award him the $857.00 dollars that was agreed upon.  Id.

On February 25, 2008, a teleconference was held concerning plaintiff's claim and the motion to dismiss.  Plaintiff testified that his complaint was filed simply to recover the $857.00 that he alleges that he is owed from the accident at FCI-Three Rivers.  He also orally moved to amend his complaint to name FPI as a defendant.

## ANALYSIS

**A.      Proper Defendant.**

The purpose of this lawsuit is for plaintiff to collect his award for his wrist injury.  As such, neither Dan Joslin nor John Doe, the kitchen supervisor, are the proper party defendants.  Plaintiff simply has a collection claim against FPI.  Accordingly, the Court dismisses Dan Joslin and John Doe from this lawsuit.  Moreover, plaintiff's motion to amend his complaint is granted and FPI is substituted as the proper party defendant.  See 18 U.S.C. § 4126(c)(4).

**B.      Merits Of Plaintiff's Collection Claim.**

Congress established FPI to operate industries within federal prisons.  See 18 U.S.C. §§ 4121, 4122.  All money received from the sale of goods and services by the corporation are deposited into the Treasury of the United States with a credit for the Prison Industries Fund.  18 U.S.C. § 4126(a).  FPI is authorized to spend these funds to pay "compensation to inmates or their dependents for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined."  18 U.S.C.

6

§ 4126(c)(4).  This provision provides the exclusive remedy for inmates injured while working in federal prisons.  Aston v. United States, 625 F.2d 1210, 1211 (5th Cir. 1980) (per curiam) (citing United States v. Demko, 285 U.S. 149 (1966)); accord 28 C.F.R. § 301.319.

A federal inmate seeking compensation for a prison work-place IAC claim, must exhaust his administrative remedies.  Sturgeon v. Fed. Prison Indus., 608 F.2d 1153, 1154-55 (8th Cir. 1979) (per curiam).  The Fifth Circuit has explained that the "awarding compensation ... under the statute and regulations is a matter for the determination by the prison authorities, subject to the supervision of the Attorney General of the United States."  Thompson v. United States, 492 F.2d 1082, 1084 (5th Cir. 1974).  "The decision of the prison authorities, once made, is conclusive in the absence of a showing that the decision was arbitrary or capricious."  Id. Plaintiff has provided documentation not only that he has exhausted his administrative remedies, but that he was awarded compensation.  He simply seeks to receive the compensation he alleges he is owed by the FPI.

The federal regulations governing IAC claims and payments, 28 C.F.R. Pt. 301 *et seq.*, provides that an inmate who obtains an IAC award cannot receive payments on a monthly basis if he is incarcerated.  Specifically, the regulation provides:

> If a claimant, who has been awarded compensation on a monthly basis, is or becomes incarcerated at any federal, state or local correctional facility, monthly compensation payments payable to the claimant shall ordinarily be suspended until such time as the claimant is released from the correctional facility.

28 C.F.R. § 301.316.  However, there is no such prohibition on the payment of a lump sum.  See McCoy v. Erlewine, 91 Fed. Appx. 156, 156-57 (D.C. Cir. 2004) (per curiam) (unpublished) (affirming settlement agreement paying lump sum to incarcerated inmate and withholding

monthly compensation until inmate is released from custody).  Indeed, Mr. Melkin, the BOP

Assistant General Counsel who handles IAC claims explained to plaintiff that "[u]pon receipt of

the original signed acceptance, payment of the lump sum will be authorized."  (D.E. 14 at 15).

In their motion to dismiss, defendants did not respond to plaintiff's allegations that an

agreement had been reached concerning his wrist injury or offer any explanation as to why he

had not been paid.  Thus, additional facts are necessary to resolve this dispute.

## CONCLUSION

Based on the facts before the Court, it is **ORDERED** as follows:

1.    Defendants' motion to dismiss, (D.E. 2), is DENIED.

2.    Plaintiff's claims against defendants Dan Joslin and John Doe are dismissed;

3.    Federal Prisons Industries, Inc. is substituted as the proper party defendant, and
      the Assistant United States Attorney on record shall obtain the authority to
      represent FPI within thirty (30) days, or to file a statement indicating why
      representation is not possible.

4.    FPI is ordered to file an answer or a dispositive motion addressing the single
      claim raised in this lawsuit: Under what authority has plaintiff not yet been paid
      the $857.00 compensation as agreed to on July 5, 2005.  (See D.E. 14 at 10).  FPI
      shall file its response no later than March 27, 2008.  Plaintiff may file any
      response to this pleading no later than April 28, 2008.

ORDERED this 26th day of February 2008.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE