IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JERRY L. THOMPSON | § | |
|    FED. I.D. 22869-077 | § | |
| v. | § | C.A. NO. C-07-455 |
| | § | |
| FEDERAL PRISONS INDUSTRIES, INC. | § | |

**MEMORANDUM OPINION AND ORDER
GRANTING THE GOVERNMENT'S MOTION TO DISMISS**

On August 7, 2003, the Federal Prisons Industries, Inc. offered plaintiff $857.00 in compensation for a wrist injury he sustained while employed at the Federal Correctional Institution ("FCI") in Three Rivers, Texas. Plaintiff accepted the settlement offer, but to date, has never received the agreed settlement amount.

Plaintiff filed the instant action to collect the $857.00. The government does not deny that plaintiff is entitled to the money. Rather, the government moves to dismiss on the single ground that plaintiff cannot receive the $857.00 while incarcerated, but only upon his release from federal custody.

For the reasons stated herein, the government's motion to dismiss is GRANTED.

**I. JURISDICTION**

The Court has federal question jurisdiction. 28 U.S.C. § 1331. Upon consent of the parties (D.E. 10, 12, 24), this case was referred to the undersigned magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 25). See 28 U.S.C. § 636(c).

**II. PROCEDURAL AND FACTUAL BACKGROUND**

On March 21, 1997, while working in the FCI-Three Rivers kitchen, plaintiff slipped and fell, injuring his wrist and back. In February 2000, plaintiff filed a claim pursuant to the

federal Inmate Accident Compensation regulations.  See 28 C.F.R. Pt. 301, et seq.  On August 16, 2000, he was released from federal custody.

On February 3, 2001, plaintiff was arrested by state officials in Brown County, Texas.  Thereafter, on September 10, 2001, he was returned to federal custody, where he remains at this time.[1]

In a letter dated August 7, 2003, the Federal Bureau of Prisons ("BOP") offered to pay plaintiff $857.00 in total settlement for his 1997 wrist injury.[2]  (D.E. 14, Ex. 1); see also 28 C.F.R. § 301.305 (initial determination).  Plaintiff filed a request for reconsideration, and in a letter dated August 6, 2004, he was informed that his request for reconsideration had been forwarded to the Inmate Accident Compensation Committee for reconsideration.  (D.E. 14, Ex. 4); see also 28 C.F.R. § 301.306 (appeal of determination).  In a letter dated April 14, 2005, plaintiff's request for reconsideration was denied.  (D.E. 14, Ex. 5).  On July 5, 2005, plaintiff accepted in writing the $857.00 award as total compensation for his wrist injury.  (See D.E. 14, Exs. 2, 6).

In a letter dated March 18, 2006, plaintiff wrote to Matthew Melkin, the Assistant General Counsel for the Inmate Accident Compensation Committee, requesting that the $857.00 be forwarded to his inmate trust fund account immediately.  (D.E. 14, Ex. 10).  He did not receive a response.

---

[1] Plaintiff is currently housed at the Federal Correctional Institution in El Reno, Oklahoma.  His projected release is not until March 13, 2028.  See www.bop.gov.

[2] The BOP also offered to pay a monthly sum to compensate plaintiff for his back injury; however, this offer was not accepted, and plaintiff's back injury is not a part of this action.

In a letter dated October 25, 2006, plaintiff wrote to the General Counsel for the Inmate Accident Compensation Committee complaining that he had complied with all administrative steps, but had still not received the $857.00.  (D.E. 14, Ex. 11).  He did not receive a response to this letter.

In a letter dated January 17, 2007, plaintiff wrote to the Director of the BOP complaining that he had never received his money for his wrist injury, as agreed upon.  (D.E. 14, Ex. 12).  Again, he did not receive a response to this letter.

On August 13, 2007, plaintiff filed suit in the 156th Judicial District Court of Live Oak County, Texas, Cause Number L-07-0118-CV-B, seeking to collect the previously negotiated settlement amount of $857.00.  (D.E. 1, App. 2).  On November 29, 2007, the government removed this state action to federal court.  On that same day, misreading plaintiff's complaint as a Bivens action, the government filed a motion to dismiss his action.  (D.E. 2).

On February 12, 2007, a Spears[3] hearing was held.  Thereafter, on February 26, 2008, the government's motion to dismiss was denied.  Thompson v. Joslin, 536 F. Supp.2d 799 (S.D. Tex. 2008).  It was specifically noted that plaintiff's action was one against the Federal Prisons Industries, Inc. to collect the $857.00, not a Bivens action in which plaintiff was asserting civil rights violations.  Id. at 800-02.  The named individual defendants were dismissed, and the Federal Prisons Industries was substituted in as the proper party defendant.  Id. at 802-03.

---

[3] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

3

On March 26, 2008, the government filed the instant, second motion to dismiss.[4] (D.E. 19). Plaintiff opposes the motion. (D.E. 26). There is no dispute that plaintiff injured his wrist while working at FCI-Three Rivers. Similarly, there is no dispute that plaintiff properly exhausted his administrative remedies. Finally, there is no dispute that plaintiff accepted the BOP's offer of $857.00 to compensate for the wrist injury. Indeed, the appropriate BOP officials have reviewed his claim and determined that he should receive a lump sum payment of $857.00 for the injury to his wrist. Instead, the government argues that a lump sum payment is not permissible for an inmate still in custody.

### III. ANALYSIS

Congress authorized the Federal Prisons Industries to compensate federal inmates injured in prison workplace accidents. 18 U.S.C. § 4126(c)(4); accord Thompson v. United States, 492 F.2d 1082, 1083 (5th Cir. 1974). In turn, the Attorney General of the United States is authorized to issue rules and regulations concerning compensation for such injuries. Thompson, 492 F.2d at 1083; accord Galvan v. Fed. Prison Indus., Inc., 199 F.3d 461, 465 (D.C. Cir. 1999); see also 28 C.F.R. Pt. 301 et seq. (Inmate Accident Compensation regulations).

Prior to 1982, awards were paid out in monthly payments only, and the claimant was required to undergo periodic medical reviews to determine if he was still entitled to compensation. If the claimant's medical condition sufficiently improved over time, he would no

---

[4] In the pending motion to dismiss, (D.E. 19), the government claims that plaintiff filed a Bivens action. As discussed in the February 26, 2008 order denying the government's first motion to dismiss, plaintiff's original state court action was simply a complaint to collect an agreed settlement amount. He did not allege a violation of a constitutional right against a federal employee. Although the government removed the case based on its misconstruing it as a Bivens action, federal court jurisdiction exists because plaintiff's action is against a federal entity to collect a settlement negotiated under the provisions of 28 C.F.R. Pt. 301, et. seq.

longer be entitled to a monthly compensation benefit.  See Inmate Accident Compensation, 47 Fed. Reg. 47172 (Oct. 22, 1982) (to be codified at 28 U.S.C. § 301.21) (discussing rules prior to November 29, 1982 amendment).  In 1982, the regulations were amended to provide for a lump sum payment in cases where the permanency of the injury could be determined.  47 Fed. Reg. 47173.  The current regulations allow lump sum payments for plaintiff's wrist injury.  See 28 C.F.R. § 301.314(c)(1).  However, nothing in this regulation, or in the commentary to the final rule establishes that a current inmate may receive Inmate Accident Compensation payments in a lump sum.

Indeed, the purpose of Inmate Accident Compensation is to provide accident compensation "to *former* federal inmates or their dependents for physical impairment or death resultant from injuries sustained while performing work assignments in Federal Prisons Industries, Inc...."  28 C.F.R. § 301.101(a) (emphasis added).  This language manifests the agency's intention that compensation be paid only to inmates who had been released from custody.

Additionally, the regulations provide that, if a claimant is receiving monthly payments, and therefore, necessarily out of custody, and is subsequently returned to the custody of a federal, state, or local correctional facility, the monthly payments are to stop.  See 28 C.F.R. § 301.316.  The policy reasoning behind the prohibition of payments while in custody is that the claimant's basic living needs, that is, housing, clothing, and meals, are provided by the institution.

More importantly, regulations were issued effective March 12, 1990, specifically providing that "[n]o compensation for work-related injuries resulting in physical impairment

5

shall be paid prior to an inmate's release." 28 C.F.R. § 301.301(a). A few courts addressing the issue have determined that an inmate may not receive any Inmate Accident Compensation before being released. See, e.g., Doughty v. United States, No. 4:07-CV-232, 2007 WL 3095380, at *1 n.8 (N.D. Tex. Oct. 23, 2007) (unpublished); Luttrell v. United States, No. 93 C 5226 1994 WL 605746, at *2 (N.D. Ill. Nov. 3, 1994) (unpublished). The regulations do not distinguish between monthly or lump sum payments concerning when a claimant may receive them: the inmate must always be released from custody.

The United States Court of Appeals for the District of Columbia has discussed payment in a lump sum while the inmate was still in custody. McCoy v. Erlewine, 91 Fed. Appx. 156 (D.C. Cir. Mar. 19, 2004) (per curiam) (unpublished). At issue in that case was McCoy's right to receive monthly Inmate Accident Compensation payments while incarcerated. The McCoy court found that, pursuant to § 301.316, McCoy could not receive monthly payments until after his release from prison. Id. at 157. In dictum, the court states that McCoy also received a $9,000 lump sum payment in compensation for his injuries. Id. at 156. The McCoy court does not address the ban in § 301.301(a), barring all Inmate Accident Compensation to inmates still in custody.

Whether the BOP makes exceptions to its rules, or whether there are certain facts in the McCoy case that make it distinguishable from this action is not known. However, for purposes of the government's motion to dismiss in this case, there is simply no authority by which the Federal Prisons Industries, Inc. can be ordered to pay plaintiff the $857.00 while he remains in prison.

## IV.  CONCLUSION

Based on the foregoing, the government's motion to dismiss, (D.E. 19), is hereby GRANTED.

ORDERED this 30th day of April, 2008.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE