IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JERRY L. THOMPSON | § | |
|    FED. I.D. 22869-077 | § | |
| v. | § | C.A. NO. C-07-455 |
| | § | |
| FEDERAL PRISONS INDUSTRIES, INC. | § | |

## ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER

On August 7, 2003, the Federal Prisons Industries, Inc. offered plaintiff $857.00 in compensation for a wrist injury he sustained while employed at the Federal Correctional Institution in Three Rivers, Texas. Plaintiff accepted the settlement offer, but to date, has never received the agreed settlement amount.

Plaintiff filed the instant action to collect the $857.00. On April 30, 2008, plaintiff's claim was dismissed as premature because he is still in custody. (D.E. 27). Final judgment was entered that same date. (D.E. 28).

Pending is plaintiff's motion to reconsider. (D.E. 29). He argues that in a previous order in this action,

> the court held ...
>
>> The federal regulations governing IAC claims and payments, 28 C.F.R. Pt. 301 et seq., provides that an inmate who obtains an IAC award cannot receive payments on a monthly basis if he is incarcerated ... However, there is no such prohibition on the payment of a lump sum. See McCoy v. Erlewine, 91 Fed. Appx. 156-57 (D.C. Cir. 2004) [(per curiam) (unpublished)].

(D.E. 29, at 1-2) (quoting Thompson v. Joslin, 536 F. Supp.2d 799, 803). Based on this language, plaintiff argues that reconsideration is appropriate. (D.E. 29, at 2).

**DISCUSSION**

A motion to reconsider is timely "filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(b). Plaintiff's motion was filed by May 9, 2008 and thus is timely filed. The Fifth Circuit has explained that a motion "to alter or amend judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 344 (5th Cir. 2007) (citation omitted).

Plaintiff bases his motion to reconsider on a discussion about McCoy in an earlier order in this action that was dictum. In McCoy, the issue concerned the plaintiff-inmate's right to receive monthly Inmate Accident Compensation payments while incarcerated. 91 Fed. Appx. at 157. The McCoy court found that, pursuant to § 301.316, McCoy could not receive monthly payments until after his release from prison. Id. In dictum, the court states that McCoy also received a $9,000 lump sum payment in compensation for his injuries. Id. at 156. There is no explanation as to how the lump sum payment came to be paid. However, the McCoy court does not address the ban in § 301.301(a), barring all Inmate Accident Compensation to inmates still in custody.

Plaintiff's pending motion ignores the arguments raised in defendant's motion to dismiss, (D.E. 19), as well as the analysis in the order granting the motion to dismiss. (D.E. 27, at 4-6). Specifically, plaintiff, like McCoy, does not address § 301.301(a). That regulation provides that "[n]o compensation for work-related injuries resulting in physical impairment shall be paid prior to an inmate's release." 28 C.F.R. § 301.301(a).

Plaintiff's reliance on Thompson v. Joslin is misplaced. The discussion about McCoy is dictum. It is a short, unpublished opinion that ultimately is an anomaly as there do not appear to

be any other cases that discuss paying an inmate a lump sum Inmate Accident Compensation payment prior to release from custody. It is unclear on what basis the inmate in McCoy received a lump sum payment, but plaintiff provides nothing to establish that such a basis is applicable to his action.

## CONCLUSION

Based on the foregoing, the plaintiff's motion to reconsider, (D.E. 29), is hereby DENIED.

ORDERED this 12th day of May 2008.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE